AO 243 (Rev. 2/95)

## MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District MASSACHUSETTS, EASTERN DISTRICT |
|---|---|
| Name of Movant STEPHEN M. CORBETT | Prisoner No. 23705-038 | Case No. 1:OCR 10157-006 WGY |
| Place of Confinement FCI, P.O. Box 2000, UNIT 5752, FORT DIX, N.J. 08640 | | |

UNITED STATES OF AMERICA    v.   STEPHEN M. CORBETT
(name under which convicted)

### MOTION

1. Name and location of court which entered the judgment of conviction under attack UNITED STATES DISTRICT COURT FOR DISTRICT OF MASSACHUSETTS

2. Date of judgment of conviction NOV. 12, 2002

3. Length of sentence 8 YEARS

4. Nature of offense involved (all counts) 21 U.S.C. 846 (BY INDICTMENT, DISMISSED) 21 U.S.C. 841(c)(1) + 18 U.S.C. 2 (BY SUPERSEDING INFORMATION - PLEA OF GUILTY

**05-11460WGY**

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☑
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   NA

   RECEIPT #_____
   AMOUNT $ N/A
   SUMMONS ISSUED N/A
   LOCAL RULE 4.1 _____
   WAIVER FORM _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐   NA
   (b) Judge only ☐

   MCF ISSUED _____
   BY DPTY. CLK. M.P.
   DATE 7/11/2005

7. Did you testify at the trial?
   Yes ☐   No ☐    NA

8. Did you appeal from the judgment of conviction?
   Yes ☑   No ☐

   MAGISTRATE JUDGE MBB

(2)

O 243   (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court  COURT OF APPEALS FOR FIRST CIRCUIT

   (b) Result  AFFIRMED CONVICTION + SENTENCE

   (c) Date of result  DECEMBER 30, 2003

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☑   No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court  UNITED STATES DISTRICT COURT FOR DISTRICT OF MASSACHUSETTS

    (2) Nature of proceeding  28 USC 2255

    (3) Grounds raised  SEE ATTACHED

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☑   No ☐

    (5) Result  PETITION DISMISSED

    (6) Date of result  SEPT 21, 2004

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court

    (2) Name of proceeding

    (3) Grounds raised

(3)

AO 243   (Rev. 2/95)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐   No ☐

    (5) Result

    (6) Date of result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☒   No ☐   PENDING
    (2) Second petition, etc.    Yes ☐   No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    <u>CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.</u>

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243   (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one:

Supporting FACTS (state *briefly* without citing cases or law):

SEE ATTACHED

B. Ground two:

Supporting FACTS (state *briefly* without citing cases or law):

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

(5)

O 243    (Rev. 2/95)

D.  Ground four:

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

    SEE ATTACHED

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☑    No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing  ELLIOT WEINSTEIN, 228 LEWIS WHARF, BOSTON, MA 02110

    (b) At arraignment and plea  WEINSTEIN FOR ARRAIGNMENT
        JAMES B KRASNOO, 23 MAIN ST, TERRACE LEVEL, ANDOVER, MA 01810

    (c) At trial  N.A.

    (d) At sentencing  KRASNOO

(6)

(e) On appeal KRASNOO

(f) In any post-conviction proceeding   I WAS NOT PERMITTED COUNSEL

(g) On appeal from any adverse ruling in a post-conviction proceeding   I WAS NOT PERMITTED COUNSEL

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐   No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future:

    (b) Give date and length of the above sentence:   8 YEARS, NOVEMBER 12, 2002

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ☐   No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)
PRO SE

I declare under penalty of perjury that the foregoing is true and correct. Executed on

5-4-05
Date

_____
Signature of Movant

(7)

13. The grounds were not previously presented because *Crawford v. Washington* and *Blakely v. Washington* were new cases setting forth defendant's constitutional rights. They were unavailable to the defendant both during the district court proceedings and during the proceedings before the Court of Appeals.

Respectfully Submitted

_____
Stephen M. Corbett

9-16-04

P.O. Box 2000, #57752
Fort Dix, New Jersey
08640

12 (5)

The defendant requested an evidentiary hearing concerning a state burglary charge which he believed would have input at his sentencing. The defendant was denied a request for an evidentiary hearing. The defendant agreed that he had purchased approximately .46 grams of heroin but denied receipt of a larger quantity and asked for an evidentiary hearing as to quantity, which hearing was denied by the Court. The defendant further denied that he was a career offender and was sentenced as a career offender. Under *Blakely v. Washington*, the defendant was denied his right to be sentenced solely for the crime he committed as the sentencing guidelines were unconstitutional. The defendant, moreover, was denied his right to have confronted evidence proved to the court beyond a reasonable doubt as to the factors which enhanced his sentencing both under *Crawford v. Washington* and *Blakely v. Washington*. As these factors impacted on his sentence, the defendant is now serving a sentence that is much higher than the sentence to which he should have been subjected had he been sentenced under the constitutional mandates.

12.  A.  Ground one:

While the defendant's first petition for habeas corpus is pending before the Court of Appeals for the First Circuit, *Shepard v. United States* was decided March 7, 2005. In *Shepard*, the United States Supreme Court decided that the procedure used to determine whether or not the defendant in that case had committed a burglary which constituted a violent felony restricted a court in sentencing to look to the statutory elements, charging documents and jury instructions. The *Shepard* case specifically eliminated the court's looking to police reports, complaint applications to determine whether or not a guilty plea necessarily supported a conviction for generic burglary. See, *Shepard v. United States*, ___ S.Ct. ___, 2005 W.L. 516494.

At my disposition, Judge Young analyzed at length the police report and the factual circumstances of the offense to determine that I committed a crime of breaking and entering. The Court incorrectly found that under *Delgado*, a First Circuit case, breaking and entering of a building without more made the crime one of violence. The complaint in the case at bar, however, alleged not only the breaking of a building but also of a ship, a car, or a vessel. Because the Court should not have looked at the police reports, there were no records available to the Court under *Taylor v. United States*, 495 U.S. 575, 599 (1990) to make the

determination that this generic burglary was a crime of violence. Accordingly, my sentence is illegal because the Court's consideration of this improper information marshaled at a dispositional hearing not at an evidentiary hearing which I demanded and which was rejected resulted in an improper finding of burglary as a violent felony enhancing my sentence. Were this burglary to be eliminated as a violent felony, I would not be in criminal history category VI and I would not have been exposed to the eight year sentence under the then mandatory United States Sentencing Guidelines.

13. The grounds set forth in 12(a) was not previously presented because *Shepard v. United States* decided March 17, 2005 had not yet come into being either during my trial proceedings or when I filed the first petition under 28 U.S.C. §2255.

THE UNITED STATES DISTRICT COURT
FOR THE FIRST DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| | 02-2534 |
| VS | |
| STEPHEN M. CORBETT | |

MOTION FOR POST CONVICTION RELIEF IN
FORMA PAUPERIS

I, STEPHEN M. CORBETT RESPECTFULLY MOVES THIS Honorable Court, pursuant to Tittle 28 U.S.C. Section 1915, for an Order granting leave to Appeal in forma Pauperis from the judgment on or about November 12, 2002 without prepayment of cost and fees, and without giving security therefor. The attatched affidavit is filed in support of this motion.

Respectfully Submitted.

Stephen M. Corbett
9.16.04

I understand that a false statement or answer to any question in this affidavit will subject me to penalties of perjury.

*[Signature: Stephen Culett]*
9.16.04

SUBSCRIBED AND SWORN TO before me this ___9___ day of Sept. 2004

Let the applicant proceed without prepayment of cost or fees or the necessity of giving security therefor.

_____
District Judge

AO 243 (Rev. 2/95)

# MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

(If movant has a sentence to be served in the future under a federal judgment which he or she wishes to attack, the movant should file a motion in the federal court which entered the judgment.)

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

*Explanation and Instructions–Read Carefully*

(1) This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES<br>    Respondent, Appellee | )<br>)<br>)<br>) |  |
| v. | )<br>) | Docket No. 04-2464 |
| STEPHEN CORBETT<br>    Petitioner, Appellant | )<br>)<br>)<br>) |  |

**MOTION TO REMAND FOR PURPOSES OF CONSOLIDATION**

Now comes the defendant in the above-entitled matter and moves to remand the pending petition for review to the District Court or, in the alternative, moves to stay the petition before this Court and assigns as reasons therefor the following:

1. The defendant on September 21, 2004 had a dismissal of his first petition under 28 U.S.C. §2255 raising various new grounds that occurred after his conviction in United States Supreme Court cases.

2. The defendant timely filed a Notice of Appeal from that dismissal.

3. While his first petition was being appealed, and before the United States has filed any responsive brief, the United States Supreme Court decided *Shepard v. United States* on March 7, 2005.

4. As a result of the *Shepard* case, the defendant has prepared a second petition under 28 U.S.C. §2255 raising a ground heretofore unavailable to him.

5. The defendant believed that both grounds should be consolidated for review either by the United States District Court or by this Court.

6. Although the defendant remains unable to particularize exactly how this should occur, the defendant suggests the following:

(a) That the Court of Appeals for the First Circuit remand the pending matter to the Hon. William G. Young before whom the second petition is currently addressed and to whom the first petition was addressed.

(b) The defendant suggests that both grounds be consolidated in a single petition.

7. In the event the trial judge denies the relief sought in the consolidated petition, the petition should be addressed before the Court of Appeals for the First Circuit in this stayed action.

8. Alternatively, the defendant suggests that this case be stayed until the trial judge is able to act on the second petition pending before him and, thereafter, that petition be raised through normal appellate channels so as to be consolidated with the present petition on appeal. The defendant believes that the first suggestion is the preferred suggestion and urges that upon the Court.

WHEREFORE, for the above reasons, the defendant respectfully requests that his motion be granted.

The Defendant
Pro Se,

*/s/ Stephen M. Corbett*

Stephen M. Corbett
Pro se
Reg. No. 23708-038          5-4-05
Federal Correctional Institution
P.O. Box 2000, Unit 5752
Ft. Dix, New Jersey 08640

## CERTIFICATE OF SERVICE

I, hereby certify that a true copy of the foregoing document was served upon Susan M. Poswistilo, Assistant United States Attorney, Office of United States Attorney, 1 Courthouse Way, Boston, MA 02210 by first class mail on 5-4, 2005.

*[signature]*
Stephen M. Corbett (Pro Se)